Filed 12/29/23  P. v. Tarkington CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY L. TARKINGTON,<br><br>    Defendant and Appellant. | B329627<br><br>(Los Angeles County<br>Super. Ct. No. BA134487) |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Anthony Tarkington, in pro. per.; and James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1997, a jury found Anthony Tarkington guilty of second degree murder and found that he personally used a knife. He thereafter petitioned for resentencing under Penal Code section 1172.6,[1] which limited accomplice liability for murder. The trial court denied the petition, and Tarkington appealed. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Tarkington filed a supplemental brief. As we now explain, the trial court did not err in denying the petition.

## INTRODUCTION

In 1996, Tarkington fatally stabbed Donald Fitzpatrick during a fistfight. Consequently, Tarkington was charged with murder, and a jury found him guilty of second degree murder (§ 187, subd. (a)) and found true the allegation that he personally used a knife (§ 12022, subd. (b)).[2] That same year, the trial court sentenced Tarkington to "46 years to life" in prison.

In 2022, Tarkington petitioned for resentencing on his murder conviction under section 1172.6, and the trial court appointed counsel to represent him. The People opposed the

_____

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[2] At the close of evidence at Tarkington's trial, the trial court found the evidence insufficient to show Tarkington acted with premeditation and deliberation and granted a judgment of acquittal on the first degree murder charge.

petition on the ground that the trial court did not instruct Tarkington's jury on felony murder, the natural and probable consequences doctrine, or any theory that imputed malice to him. Instead, he was prosecuted and convicted as the actual killer who acted with malice aforethought. With its opposition, the People submitted the jury instructions. The trial court denied the petition, noting that the jury was not instructed on an invalid theory and that the jury had found Tarkington personally used a knife.

This appeal followed. Tarkington's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellant's counsel to send the record and a copy of the opening brief to Tarkington, and we advised that within 30 days of the date of the notice, he could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. Tarkington submitted a supplemental brief in which he argued that his petition for resentencing was improperly denied without an evidentiary hearing and that errors in his trial require reversal of the judgment of conviction.

## DISCUSSION

To the end of ensuring a person's sentence is commensurate with the person's individual criminal culpability, Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14

3

Cal.5th 981, 986; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill No. 1437 added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime").

Senate Bill No. 1437 also created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could no longer be convicted of murder under the amended law. (*People v. Lewis, supra,* 11 Cal.5th at p. 959; *People v. Gentile, supra,* 10 Cal.5th at p. 847.) At the prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis,* at p. 971.) In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) At the prima facie stage, the trial court does not engage in fact finding that involves weighing evidence or exercising discretion. (*Lewis,* at p. 972.) If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing. (§ 1172.6, subds. (b)(3), (c), & (d)(1).) Otherwise, the trial court may dismiss meritless petitions that do not establish a prima facie case for relief. (*Lewis,* at p. 971.)

Tarkington did not establish a prima facie case for relief. Tarkington's jury was not instructed on felony murder, the natural and probable consequences doctrine or any theory under which malice could have been imputed to him. The jury also found that he personally used a knife (§ 12022, subd. (b)). The record of conviction therefore shows that Tarkington was the sole participant in the crime and actual killer, and he was convicted as such. (See, e.g., *Delgadillo, supra,* 14 Cal.5th at p. 233 [defendant ineligible for § 1172.6 relief where record made clear he was actual killer and only participant in killing].)

As for arguments Tarkington raises in his supplemental brief, they primarily concern alleged error at his trial, including that being tried for second degree murder after being acquitted of first degree murder violated his constitutional rights. Such claims are not properly before us, as a section 1172.6 petition is not a vehicle to relitigate alleged trial errors. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)

To the extent Tarkington asserts that the trial court was biased in ruling on his petition for resentencing, the record contains no evidence to support that assertion. Rather, a trial court's rulings against a party do not establish judicial bias. (*Lewis v. City of Benicia* (2014) 224 Cal.App.4th 1519, 1539.)

Similarly, to the extent Tarkington asserts his appellate counsel was incompetent, he did not file a motion to have him

5

removed as counsel, and the record contains no evidence to support any assertion of incompetence.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



LAVIN, J.



EGERTON, J.


6